# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

MAURICE HARTFIELD,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; JAMES W. MOSSBARGER, Warden, I,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-1177

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Maurice Hartfield, Texas prisoner # 1692378, appeals the denial of his 28 U.S.C. § 2254 application challenging his convictions for intoxication assault and reckless aggravated assault. The district court granted Hartfield a certificate of appealability (COA) on his double jeopardy claim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50553

We review the district court's conclusions of law de novo. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Section 2254 relief may not be granted on a claim that was adjudicated on the merits by a state court "unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

It was undisputed that Hartfield's convictions for intoxication assault and reckless aggravated assault violated the Double Jeopardy Clause. A defendant may raise a double jeopardy claim in a collateral attack if the face of the indictment or record establishes the double jeopardy violation. *United States v. Broce*, 488 U.S. 563, 575-76 (1989). The state court, however, concluded that Hartfield waived collateral review of his double jeopardy claim since he was aware of the double jeopardy violation when he pleaded guilty. The district court reasoned that the decision in *Ricketts v. Adamson*, 483 U.S. 1, 8 (1987), that a defendant can waive a double jeopardy claim by pretrial agreement provided plausible support for the state court's decision. Because "fairminded jurists could disagree on the correctness of the state court's decision," the district court did not err in concluding that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (internal quotation marks and citation omitted).

Hartfield lists as an issue in his brief that counsel were ineffective for allowing him to plead guilty to an indictment with a double jeopardy violation. He has not moved for a COA on this claim or moved to expand the grant of a COA. Therefore, we lack jurisdiction to consider this claim. *See Lewis v. Thaler*, 701 F.3d 783, 787 (5th Cir. 2012) (citing 28 U.S.C. § 2253(c)).

The judgment of the district court is AFFIRMED.